(57 Misc. Rep. 236.)

### KLINGENSTEIN v. ALEXANDER.

(Supreme Court, Special Term, New York County. December, 1907.)

SPECIFIC PERFORMANCE—LACHES.

Under a contract for the sale of real estate the vendor was not able at the time fixed for closing the title to remove certain defects therein, and an adjournment was agreed on, with the statement by the vendor that the trade must be closed on the day to which the meeting was adjourned. The vendee failed to close the transaction on that day. *Held*, that he could not thereafter and after the vendor had sold to other parties, maintain an action for specific performance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 305–310.]

Action by Bernard Klingenstein against Jastrow Alexander. Judgment for defendant.

M. S. & I. S. Isaacs, for plaintiff.
Albert I. Sire, for defendant.

McCALL, J. On or about the 23d of November, 1906, the defendant herein being a joint owner in certain premises situate on Rivington street, in this city, contracted with the plaintiff herein to sell to him all his interest therein. By the terms of the contract $500 was to be paid on the signing thereof and the balance in cash or by check upon the passing of title, which, by the terms of the contract, was fixed for closing on the 2d day of January, 1907. There is no written or documentary proof showing that any adjournments of the closing of

this title were mutually agreed upon; but it does appear from the record that some time in December, 1906, the attorneys, who seem to have represented both vendor and vendee, apprised the latter that some asserted defects in the title existed, to wit: An alleged encroachment, which information said attorney had received from a report of a title company which bore date December 17, 1906. It would seem that the defendant, upon being apprised of these defects at least before January 2, 1907, asked his attorney to take steps to have them removed; but up to date originally set for closing of title, and even at time of trial, they had not been removed, and with this condition confronting the parties when they met on January 2, 1907, an adjournment was determined upon to January 4, 1907. This conclusion the proof amply bears out; but the defendant asserts that he notified Mr. Mack that he had another title to close, in which proceeding he was to be purchaser, and that he would need the funds to flow from the sale we have before us in this litigation to use in that prospective purchase, and that the title must close on January 4, 1907, the day to which the closing was adjourned. From this point on the testimony as to the status of the contract and with reference to obligation to close title is widely divergent, and nothing substantial is offered to uphold the contention that the closing of title was further adjourned.

It is true that it would seem that Alexander asked Mr. Mack to try and get this so-called encroachment cured, and that efforts both by Mr. Mack and Mr. Alexander were made so to do subsequent to January 4th; but they are frankly testified to by defendant, and are wholly consistent with the previous attitude of calling the contract with Klingenstein off because of his (Klingenstein's) failure to perform within the contract time, when, as the evidence fairly bears out, time was made the essence of the contract. I cannot conclude otherwise, from this record, but that there was an abandonment of this contract by Klingenstein on January 4, 1907, and an absolute failure on his part to perform the obligations imposed upon him, and that the defendant was wholly justified in the attitude he assumed and in his subsequent action in reference thereto; and now, after defendant has parted with his holding, to decree specific performance in such a case as this would be both inequitable and unjust, and would practically approve of the plaintiff's speculating upon asserted defects (that were seemingly without substance) by declining the title, and, when it subsequently appears that it would be advantageous to him to accept same, to change his entire position, and this without the consent, but in face of the protest, of the defendant.

Judgment decreeing against specific performance. Submit findings and decree accordingly.